## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

      DIANA KAYE GENTRY,

                                  Case No. 15-11531[1]

         Debtor.                      Hon. Denise Page Hood

_____

      MICHAEL A. MASON (Trustee) and
      BARBARA DUGGAN,

                            (Bankruptcy Case No. 09-36472)
         Appellants,              (Adv. Proc. No. 12-03340)
      v.

      DIANA KAYE GENTRY,

         Appellee.

_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE
## BANKRUPTCY APPEAL and CLOSING ACTION

## I.     BACKGROUND

This matter is before the Court on Appellants Michael A. Mason, Trustee, and

Barbara Duggan's Motion for Leave to File Bankruptcy Appeal from the Bankruptcy

Court's Order Denying Motion for Summary Judgment.  (Doc. No. 1, Pg ID 3)

Appellants seek leave to appeal the denial of the summary judgment.

On February 10, 2015, a trial began on two consolidated adversary proceedings

_____

[1] This case was originally assigned to District Judge Robert H. Cleland.  Pursuant to E.D.
Mich. LR 83.11(b)(7), the case was reassigned to the undersigned.  (Doc. No. 10)

seeking to recover preferential transfers and fraudulent transfers from a debtor, Christopher Wyman, in a related bankruptcy case, *In re Wyman*, Bankr. Case No. 12-32264, to the Debtor in this case, Diana Kaye Gentry, Wyman's ex-wife. Based on certain admissions made on the record on the first day of trial, Appellant Trustee brought a Motion for Summary Judgment against Debtor Gentry. The Bankruptcy Court denied the summary judgment motion against Gentry in an order dated April 10, 2015 setting forth its reasons on the record. (Doc. No. 1, Pg ID 5) Appellants did not file the transcript of the Bankruptcy Court's opinion from the bench.

## II.    LEAVE TO APPEAL STANDARD

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy courts. "For purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff,* 227 B.R. 476, 477 (6th Cir. BAP 1998); *Catlin v. United States,* 324 U.S. 229, 233 (1945). An order confirming a plan of reorganization constitutes a final judgment in bankruptcy proceedings. *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992). A "final" order or decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945). If the order appealed from is not a final order, under 28 U.S.C.

2

§ 158(a)(3), a district court has jurisdiction "with leave of the court, from other interlocutory orders and decrees" from the bankruptcy court. 28 U.S.C. § 158(a)(3). The Supreme Court has held that in the ordinary bankruptcy case, a confirmation order or dismissal of a bankruptcy action is a final order. *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1394 (2015). "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." *In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D. Mich. 2006). In such circumstances, a district court "may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 755; *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002).

## III.  APPEAL FROM ORDER DENYING MOTION FOR SUMMARY JUDGMENT

"Ordinarily, the denial of summary judgment is not a 'final order' and thus not immediately appealable. 28 U.S.C. § 1291." *Pollard v. City of Columbus, Ohio*, 780 F.3d 395, 401 (6th Cir. 2015). As required under 28 U.S.C. § 1292, the Court is to review the Bankruptcy Court's decision to determine the correctness of the decision. Because there is no transcript of the Bankruptcy Court's opinion as to why the summary judgment motion was denied, the Court cannot determine if leave to appeal

3

should be granted under 28 U.S.C. § 1292.  Appellants were on notice as to the requirement to file the appropriate bankruptcy record.  (See, Doc. No. 5, Appellants' Response re Record on Appeal)  The Bankruptcy Rule 8003 provides that a copy of the order complained of and any opinion or memorandum relating thereto must be submitted.  Bankr. R. 8003(a).  Appellants have not met their high burden in showing that an interlocutory appeal, which is an exception rather than the rule, should be granted.  The Court denies Appellants' leave to file an appeal and dismisses the appeal from the denial of a summary judgment motion before the Bankruptcy Court.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Notice of Appeal From Bankruptcy Court (**Doc. No. 1**) is DISMISSED for lack of jurisdiction.  The Court denies Appellants' Motion for Leave to File an Interlocutory Appeal (**Doc. No. 1**).

IT IS FURTHER ORDERED that this bankruptcy appeal action be designated CLOSED on the Court's docket.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 28, 2015

4

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager