UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

DIANA KAYE GENTRY,

      Debtor.

Case No. 15-11531
Hon. Denise Page Hood

_____

MICHAEL A. MASON (Trustee) and
BARBARA DUGGAN,

(Bankruptcy Case No. 09-36472)

      Appellants,

(Adv. Proc. No. 12-03340)

v.

DIANA KAYE GENTRY,

      Appellee.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed by Appellants Bankruptcy Trustee Michael A. Mason and Barbara Duggan filed September 3, 2015. On August 28, 2015, the Court entered an Order denying the motion for leave to file an interlocutory bankruptcy appeal.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The

Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Appellants argue that this Court erred in ruling that it lacked jurisdiction over the two orders appealed from in this action. The Court finds the Appellants have failed to demonstrate that the Court was misled by a palpable defect in issuing its Order denying leave to file an interlocutory appeal from a bankruptcy order denying summary judgment. "[L]eave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'" *In re Ruth*

*Wicheff,* 215 B.R. 839, 844 (6th Cir. B.A.P. Jan. 29, 1998) (quoting, *In re Ionosphere Clubs, Inc.,*, 179 B.R. 24, 28 (S.D.N.Y. 1995)).  The Court notes that the underlying bankruptcy action has generated four separate actions/appeals filed with this Court, resulting in piecemeal litigation which is precisely the reason why interlocutory appeals are only granted in exceptional circumstance.  The Court will not reconsider its decision in denying the Appellants' leave to file an interlocutory appeal from the Bankruptcy Court to this Court.

Accordingly,

IT IS ORDERED that the Appellants' Motion for Reconsideration (**Doc. No. 12**) is DENIED.

S/Denise Page Hood
Chief Judge,  United States District Court

Dated:  March 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
